Jon Weiner
jweiner@nw-attorneys.com
Harris Law Firm, P.C., *Of Counsel*
1415 Commercial St. SE
Salem, OR 97302
Tel: (503) 399-7001
Fax: (503) 399-0745
Of Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| ARTHUR WAYNE WALKER, an individual; | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | **Claims for violations of Overtime Compensation provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 207, 216(b), et al;** |
| B & B PRINT SOURCE, INC. a/b/n of PRINT SOURCE, INC., an Oregon Domestic business corporation | **State law claims for Unpaid Overtime Wages and Owing Upon Termination of Employment ORS 652.140, ORS 652.150, ORS 652.200, ORS 653.055, ORS 653.261, et al.** |
| Defendants. | |
| | **(Demand for Jury Trial)** |

Page **1** of **9** – Complaint

Plaintiff alleges:

## PRELIMINARY STATEMENT

1.

Plaintiff Arthur Wayne Walker (hereinafter referred to as "Walker") asserts claims for wage and hour violations, including overtime compensation violations, under the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207, 216(b), et al. Plaintiff also asserts claims for wage and hour violations, including overtime compensation and failure to timely pay wages due and owing upon termination of employment violations, under state law, ORS 652.140, ORS 652.150, ORS 653.261, et al. Plaintiff demands a jury trial. The allegations set forth below apply to "all times relevant" without regard to whether those allegations are set forth in the present or past tense.

## JURISDICTION

2.

This court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States. This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Plaintiff's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

/ /

/ /

Page 2 of 9 – Complaint

## VENUE

3.

Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this complaint occurred in Washington County, Oregon. Plaintiff is a resident of Donald, Oregon. B & B Print Source a/b/n of Print Source, Inc. (hereinafter referred to as "Defendant") is an Oregon domestic business corporation with its principal place of business located in Washington County, Oregon.

4.

At all times relevant, Defendant employed plaintiff at its location in Tigard, Oregon, and conducted regular, substantial, and sustained business activity in the State of Oregon, including but not limited to Washington County.

## FACTUAL ALLEGATIONS

5.

During the term of Walker's employment with Defendant, all of his work was subject to the requirements of the FLSA and Oregon's state wage and hours laws. Walker was engaged in commerce for purposes of the FLSA, and worked on or otherwise handled goods moving in interstate commerce. Upon information and belief, Defendant enjoyed a gross income exceeding $500,000.

/ /

/ /

6.

In or around 2007 until September 23, 2016, Walker was employed by Defendant in the bindery department. Upon information and belief, Defendant set the pay amounts, work hours, determined how the work was performed and provided the equipment necessary to perform. Upon information and belief, the work performed by Walker – primarily running the bindery equipment – was integral to the employer's business of commercial printing and mailing services.

7.

When Walker first began working for defendant, he was paid on an hourly basis at the rate of $35 per hour. Towards the end of his employment, however, his compensation changed to a $6,600 per month salary. His pay checks indicated this was based on 80 hours of work every two weeks. Despite this, Walker worked on average 9 hours a day, 5 days a week. Every few weeks, when printing projects picked up, Walker worked 10-12 hours a day, 6 to 7 days a week. These busy periods could last up to three consecutive weeks. In order to recover from these demanding busy periods, Walker would ask for a day of rest. Defendant granted these rest days, but required walker to use earned vacation time in order to do so.

8.

The vast majority of Walker's work consisted of running machines. At the beginning of each day, the production manager would make a set of lists of what needed to be accomplished that day and in what order. Once given the lists, all eight employees of the bindery department would meet together to decide who would take on which tasks. Walker exercised no discretion

Page **4** of **9** – Complaint

regarding the tasks to be accomplished each day or the order in which they were to be accomplished. If Walker changed the order or schedule of the printing projects he would be reprimanded.

9.

Walker and the other bindery workers were under the direct supervision of the onsite production manager. The production manager gave orders to both Walker and another worker, Steve Wilson, to pass along to the other employees. These two were essentially messengers for management and did not exercise discretion in the work to be completed. Mr. Wilson was paid on an hourly basis, but otherwise shared very similar job duties with Walker.

10.

Walker lacked the authority to discipline, hire, or fire employees. He did not have authority to buy supplies, and was required to request supplies through the general manager. Walker predominately performed manual labor on the binding machines, and did not engage in intellectual, managerial, or independent decision making.

11.

On April 20, 2017, Walker and defendant entered into a tolling agreement. On July 10, 2017, Walker received notice of defendant's intent to revoke that agreement.

## FIRST CLAIM – VIOLATIONS OF FLSA

### (Count 1 – Failure to Pay Overtime Compensation)

/ /

12.

Walker incorporates and realleges paragraphs 1 through 11 by this reference. Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." Defendant willfully violated these provisions when it failed to compensate Walker at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of 40 hours per workweek.

13.

Pursuant to 29 U.S.C. § 207, Walker is entitled to overtime compensation for the overtime hours worked for which he has not been compensated, in an amount to be determined at trial. Pursuant to 29 U.S.C. § 216(b), Walker is also entitled to an equal amount in liquidated damages in addition to reasonable attorney fees and costs, each in an amount to be determined at trial.

## SECOND CLAIM – VIOLATIONS OF STATE WAGE AND HOUR LAWS

### (Count 1 – Failure to Pay Overtime Compensation)

14.

Walker incorporates and realleges paragraphs 1 through 13 by this reference. Pursuant to ORS 653.055: "Any employer who pays an employee less than the wages to which the employee

Page **6** of **9** – Complaint

is entitled under ORS 653.010 to 653.261 is liable to the employee affected: (a) For the full amount of the wages, less any amount actually paid to the employee by the employer; and (b) For civil penalties provided in ORS 652.150." Pursuant to ORS 653.261 and OAR 839-020-0030, "all work performed in excess of forty (40) hours per week must be paid for at the rate of not less than one and one-half times the regular rate of pay when computed without benefits of commissions, overrides, spiffs, bonuses, tips or similar benefits pursuant to ORS 653.261(1)." Defendant willfully violated these provisions when it failed to compensate Walker at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of 40 hours per week.

15.

Pursuant to ORS 653.261 and OAR 839-020-0030, Walker is entitled to compensation for unpaid overtime, in an amount to be determined at trial. Pursuant to ORS 653.055 and ORS 652.150, he is also entitled to reasonable attorney fees and costs.

**(Count 2 – Failure to Pay Wages Upon Termination of Employment)**

16.

Walker incorporates and realleges paragraphs 1 through 15 by this reference. Pursuant to ORS 652.140, an employee is entitled to all wages unpaid and owing at termination of employment. Pursuant to ORS 652.150, an employee is entitled to payment of those wages and up to 30 days' penalty wages in addition to reasonable attorney fees and costs (penalty wages being defined as eight hours pay for each day that wages remain unpaid, subject to a cap of 30 days' penalty wages).

Law Office of Jon Weiner
1415 Commercial St SE
Salem, OR 97302

17.

At the time of the termination of his employment with Defendant, Walker was owed unpaid overtime under the FLSA and state wage and hour laws. That compensation was not timely paid upon termination of his employment as required under ORS 652.140 and ORS 652.150.

18.

Pursuant to ORS 652.140 and ORS 652.150, Walker is entitled to payment of unpaid overtime compensation, plus 30 days' penalty wages, all in an amount to be determined at trial. Pursuant to ORS 652.200, Walker is also entitled to reasonable costs and attorney fees.

WHEREFORE, Plaintiff demands the following for her claims for relief which is more specifically set forth under the various claims:

1. First Claim for Relief –
    A. Count 1 – Unpaid overtime compensation and liquidated damages in an amount to be determined at the time of trial, in addition to reasonable attorney fees and costs pursuant to 29 U.S.C. § 216(b).
2. Second Claim for Relief –
    A. Count 1 – Unpaid overtime wages and penalty wages, in an amount to be determined at trial, as well as any equitable relief deemed appropriate by the court, in addition to reasonable attorney fees and costs pursuant to ORS 653.055(1), (2) and (4); ORS 652.200; ORS 652.140; and ORS 652.150.

Law Office of Jon Weiner
1415 Commercial St SE
Salem, OR 97302

    B. Count 2 – Unpaid overtime compensation, and penalty wages, in an amount to be determined at trial, as well as any equitable relief deemed appropriate by the court, in addition to reasonable attorney fees and costs pursuant to ORS 652.200, ORS 652.140 and ORS 652.150.

DATED this 24th day of July, 2017.

                                                /s/ Jon Weiner
                                                Jon Weiner, OSB # 993944
                                                Law Office of Jon Weiner
                                                1415 Commercial Street SE
                                                Salem, OR 97302
                                                Tel: (503) 399-7001
                                                Fax: (503) 399-0745
                                                Of Attorneys for Plaintiffs

Page **9 of 9** – Complaint

                        Law Office of Jon Weiner
                        1415 Commercial St SE
                        Salem, OR 97302