**Sean P. Ray,** OSB No. 075040
sray@barran.com
**Tyler J. Volm,** OSB No. 084994
tvolm@barran.com
Barran Liebman LLP
601 SW Second Avenue
Suite 2300
Portland, Oregon 97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland

| | |
|---|---|
| ARTHUR WAYNE WALKER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>B & B PRINT SOURCE, INC. a/b/n of PRINT SOURCE, INC. an Oregon Domestic business corporation,<br><br>Defendant. | CV. 3:17-cv-01159-AC<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant B & B Print Source, Inc. a/b/n of Print Source, Inc. ("B & B Printing" or "Defendant"), for its Answer to Plaintiff's Complaint, states as follows:

PRELIMINARY STATEMENT

1.  Answering paragraph 1, Defendant responds that paragraph 1 is a summary of the nature of the Complaint, and does not require a response. To the extent a response is required, Defendant denies the allegations.

JURISDICTION AND VENUE

2.  Answering paragraphs 2 – 4, Defendant admits that this Court has jurisdiction over Plaintiff's claims and that venue is proper in the District of Oregon. Defendant is without sufficient information to admit or deny Plaintiff's place of residence as Donald, Oregon, and therefore denies

Page 1 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

the same. Defendant admits that it is a domestic business corporation with its principal place of business located in Washington County, Oregon. Defendant admits that it employed Plaintiff at its location in Tigard, Oregon, and that Defendant conducted regular, substantial, and sustained business activity in the State of Oregon, including but not limited to Washington County. Except as expressly admitted, Defendant denies the remaining allegations contained in paragraphs 2 – 4.

## FACTUAL ALLEGATIONS

3. Answering paragraph 5, Defendant admits that during the term of Walker's employment with Defendant, the work Walker performed was subject to federal and state wage and hour laws, but states that Walker was properly classified as an exempt employee. Defendant admits that Walker engaged in commerce for purposes of the FLSA, and worked on or otherwise handled goods moving in interstate commerce and that Defendant earns a gross income exceeding $500,000. Except as otherwise admitted, Defendant denies the remaining allegations in paragraph 5.

4. Answering paragraph 6, Defendant admits that Walker was employed by Defendant in its bindery department from 2007 until September 23, 2016. Defendant admits that it set Walker's pay amount. Defendant denies that it set strict work hours for Walker, and states that it allowed him to pick his work schedule within reason. Defendant admits that it provided the equipment for the bindery department, but denies that Defendant determined how the work was to be performed in the bindery department, as that was left up to Walker. Defendant admits that the work performed by Walker was integral to Defendant's business of commercial printing and mailing services, but denies the allegation that Walker primarily ran the bindery equipment. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 6.

Page 2 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

00660666.1

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

5.      Answering paragraph 7, Defendant denies the allegation that when Walker began working for Defendant in 2007, he was paid on an hourly basis at the rate of $35 per hour. Defendant states that in March of 2009, Walker was promoted from the position of Stitcher Operator to Bindery Manager and was provided with a pay increase. Less than one month later, in April of 2009, Walker was switched from an hourly employee to an exempt salaried employee based on this promotion to an exempt position. Defendant admits that Walker's paycheck indicated that he worked 80 hours per week, as is customary on an exempt employee's paystub and as was required by Defendant's payroll company. Defendant admits that Walker would occasionally work more than 40 hours per week, which is permitted for exempt employees, and that he would occasionally work more than 5 days in a week, which is permitted for exempt employees. Defendant admits that it would require Walker to use vacation time in order to take days out of the office, which is permitted for exempt employees. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 7.

6.      Answering paragraph 8, Defendant denies the allegation that the vast majority of Walker's work consisted of running machines. Defendant admits that at the beginning of each day, the production manager would provide Walker with a list of jobs that needed to be accomplished over the coming days, but Defendant denies that the production manager told Walker in what order he was to complete the jobs, as Walker's exempt duties included exercising independent judgment about which order to complete the jobs. Defendant denies that all eight employees of the bindery department were responsible for determining who would take on which tasks, as it was one of Walker's responsibilities to assign the different tasks to the different bindery department employees. Defendant denies the allegation that Walker exercised no discretion

Page 3 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

00660666.1

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

regarding the tasks to be accomplished each day and the order in which they were to be accomplished. Defendant denies the allegation that if Walker changed the order or schedule of the printing projects he would be reprimanded. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 8.

7.  Answering paragraph 9, Defendant admits that Walker's direct supervisor was the onsite production manager, but denies that the remaining bindery department employees had the onsite production manager as their direct supervisor, as they reported directly to Walker. Defendant admits that Steve Wilson was paid on an hourly basis, but denies that Mr. Wilson shared very similar job duties with Walker while the two were employed together. Defendant admits that the production manager would use Walker, and occasionally Mr. Wilson, to pass information along to other bindery department employees, but denies the allegation that this information consisted of orders or other direction regarding the daily operation of the bindery department. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 9.

8.  Answering paragraph 10, Defendant denies the allegation that Walker lacked authority to discipline, hire, or fire employees. Defendant admits that Walker did not have authority to individually buy supplies or equipment, but requested Defendant purchase numerous pieces of larger equipment for the bindery department, which it did. Defendant denies the allegation that Walker predominantly performed manual labor on the bindery machines, and the allegation that Walker did not engage in intellectual, managerial, or independent decision making. Except as expressly admitted, Defendant denies any remaining allegations in paragraph 10.

///

///

Page 4 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

00660666.1

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

9. Answering paragraph 11, Defendant admits that on April 20, 2017 Walker and Defendant entered into a tolling agreement, and that on or around July 10, 2017 Defendant, through counsel, sent Walker's counsel notice of Defendant's intent to revoke that tolling agreement.

## FIRST CLAIM FOR RELIEF

10. Answering paragraph 12, Defendant reincorporates its responses to paragraphs 1 through 11 of Plaintiff's Complaint. Walker's citation to 29 U.S.C. 207 speaks for itself and does not contain an allegation against Defendant to which a response is required. Except as expressly admitted, Defendant denies any remaining allegations in paragraph 12.

11. Defendant denies the allegations in paragraph 13.

## SECOND CLAIM FOR RELIEF

12. Answering paragraph 14, Defendant reincorporates its responses to paragraphs 1 through 13 of Plaintiff's Complaint. Walker's citations to ORS 653.055, 653.261 and OAR 839-020-0030 speak for themselves and do not contain an allegation against Defendant to which a response is required. Except as expressly admitted, Defendant denies any remaining allegations in paragraph 14.

13. Defendant denies the allegations in paragraph 15.

14. Answering paragraph 16, Defendant reincorporates its responses to paragraphs 1 through 15 of Plaintiff's Complaint. Walker's citations to ORS 652.140 and ORS 652.150 speak for themselves and do not contain an allegation against Defendant to which a response is required. Except as expressly admitted, Defendant denies any remaining allegations in paragraph 16.

15. Defendant denies the allegations contained in paragraphs 17 and 18.

///

Page 5 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

00660666.1

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

## AFFIRMATIVE DEFENSES

16. For its affirmative defenses to Plaintiff's Complaint, and without assuming Plaintiff's burden of proof, Defendant alleges the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitations)

17. Some of Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

### (Good Faith Efforts)

18. At all times, Defendant made good faith efforts to comply with all applicable state and federal laws regarding wage and hour laws.

### THIRD AFFIRMATIVE DEFENSE

### (Duplicative Remedies)

19. Plaintiff is not entitled to duplicative remedies for the same underlying actions or omissions under the various statutes invoked in this action.

### FOURTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

20. Defendant reserves its rights to allege additional affirmative defenses and to add counterclaims should they become apparent during discovery.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 6 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

00660666.1

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

WHEREFORE, Defendant prays for judgment as follows:

1. For judgment against Plaintiff on all claims for relief;

2. That Plaintiff take nothing by the Complaint;

3. For an award of Defendant's reasonable costs, attorneys' fees, and disbursements incurred herein; and

4. For such further relief as the Court deems just, equitable, and proper.

DATED this 30th day of November, 2017.

BARRAN LIEBMAN LLP

By *s/ Sean P. Ray*
_____
Sean P. Ray, OSB No. 075040
sray@barran.com
Tyler J. Volm, OSB No. 084994
tvolm@barran.com
Attorneys for Defendant

Page 7 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

00660666.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of November 2017, I served the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** on the following parties at the following addresses:

Jon Weiner
Law Office of Jon Weiner
1415 Commercial St. SE
Salem, OR 97302

by the following indicated method or methods on the date set forth below:

- ☑ Electronic filing using the court's ECF System
- ☐ Facsimile
- ☐ First-class mail, postage prepaid
- ☐ Hand-delivery
- ☐ Electronic Mail

*s/ Sean P. Ray*
_____
Sean P. Ray

Page 1 – CERTIFICATE OF SERVICE

00660666.1